UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| THERESA R. CONLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 10-CV-0813-CVE-TLW |
| | ) | |
| TULSA OKLAHOMA POLICE DEPARTMENTS, | ) ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Now before the Court are plaintiff's complaint (Dkt. # 1) and Motion for Leave to Proceed *In Forma Pauperis* and Supporting Affidavit (Dkt. # 2). Plaintiff alleges that police officers in Milwaukee, Chicago, and Memphis "started chasing [her] when [she] was age sixteen and they won't stop." Dkt. # 1, at 1-2. She has named the "Tulsa Oklahoma Police Departments" as the defendant and it appears that she is attempting to sue every police department in the State of Oklahoma for wrongs allegedly committed by police officers in other states. Id. However, she has not alleged any basis for this Court to exercise jurisdiction over her claims.

Federal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction. Merida Delgado v. Gonzales, 428 F.3d 916, 919 (10th Cir. 2005); Penteco Corp. Ltd. Partnership--1985A v. Union Gas System, Inc., 929 F.2d 1519, 1521 (10th Cir. 1991). Plaintiff has the burden to allege jurisdictional facts demonstrating the presence of federal subject matter jurisdiction. McNutt v. General Motors Acceptance Corp. of Indiana, Inc., 298 U.S. 178, 182 (1936) ("It is incumbent upon the plaintiff properly to allege the jurisdictional facts, according to the nature of the case."); Montoya v. Chao, 296 F.3d 952, 955 (10th Cir. 2002) ("The

burden of establishing subject-matter jurisdiction is on the party asserting jurisdiction."). The Court has an obligation to consider whether subject matter jurisdiction exists, even if the parties have not raised the issue. The Tenth Circuit has stated that "[f]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may *sua sponte* raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" 1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006).

In this case, plaintiff is proceeding pro se and, consistent with Supreme Court and Tenth Circuit precedent, the Court will construe her pro se pleadings liberally when considering the allegations of her complaint. Haines v. Kerner, 404 U.S. 519, 520 (1972); Gaines v. Stenseng, 292 F.3d 1222, 1224 (10th Cir. 2002). Plaintiff's complaint does not allege any basis for federal subject matter jurisdiction and, regardless of plaintiff's pro se status, the Court can not permit plaintiff to proceed with this case if the Court lacks subject matter jurisdiction over her claims. Plaintiff has not alleged that the parties are diverse or that the amount in controversy exceeds $75,000, and there is no possibility that the Court could exercise diversity jurisdiction under 28 U.S.C. § 1332(a). The Court has also considered whether the complaint states any basis for it to exercise federal question jurisdiction over plaintiff's claims under 28 U.S.C. § 1331. It is possible that plaintiff is attempting to allege a claim under 42 U.S.C. § 1983. Under § 1331, a claim invoking federal jurisdiction may be dismissed "if it is not colorable, *i.e.*, if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" Arbaugh v. Y&H Corp., 546 U.S. 500, 513 n.10 (2006) (quoting Bell v. Hood, 327 U.S. 678, 682-83 (1946)). Plaintiff has made no attempt to identify any specific police officer or police department that has allegedly violated her

civil rights and, in any event, she may not sue unspecified Oklahoma police departments for wrongs allegedly committed by police officers in Milwaukee, Chicago, and Memphis. The complaint does not suggest that plaintiff has any claims against a police officer or police department in Oklahoma, and granting plaintiff leave to amend would be futile. If plaintiff believes that she has claims against a specific police officer or police department in another state, she must bring such a claim against a specific defendant in an appropriate judicial forum. However, plaintiff has alleged no colorable federal claim against an identifiable defendant, and this Court may not exercise jurisdiction over plaintiff's claims.

**IT IS THEREFORE ORDERED** that plaintiff's case is **dismissed** for lack of subject matter jurisdiction. A separate judgment of dismissal is entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Leave to Proceed *In Forma Pauperis* and Supporting Affidavit (Dkt. # 2) is **moot**.

**DATED** this 22nd day of December, 2010.

*[signature]*
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT